**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| HOWARD BROWN,                                   ) | |
| )| |
| Plaintiff,              ) | |
| v.                                             ) | |
| )| No. 1:24-cv-00153 SEP |
| BUTLER COUNTY SHERIFF'S DEPT.,    ) | |
| )| |
| Defendant.              ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Howard Brown's application to proceed in the district court without prepaying fees or costs. Doc. [2]. The Court will grant the motion and assess an initial partial filing fee of $8.13. Furthermore, having reviewed the pleadings in this matter, the Court will dismiss this action without prejudice.

### MOTION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

A prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20% of the preceding month's income credited to his account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

A review of Plaintiff's account from the relevant six-month period shows an average monthly deposit of $40.66 and an average monthly balance of $5.05, indicating that Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.13, which is 20% of Plaintiff's average monthly deposit.

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim

for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief' is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff Howard Brown, a pretrial detainee currently incarcerated at Butler County Jail, is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 against the Butler County Sheriff's Department. Doc. [1].

Plaintiff claims that he was wrongfully accused of armed criminal action in February of 2023, when he was merely "defending himself." *Id*. at 3. He asserts that he was threatened by an individual named Marcus Hyde[1] on February 8, 2023, while walking to the gas station. Hyde

---

[1] The Complaint refers to Hyde as "Hide," but the same individual's name is spelled "Hyde" in Butler County Circuit Court filings. The Court will follow the Butler County Circuit Court record.

2

allegedly pointed a gun containing "100 rounds," at Plaintiff, after which Plaintiff claims he "ran home." *Id*. at 4.  Later that day, he went back to the store and was followed by Hyde and his friends. *Id*.  This time, Plaintiff "had [his] weapon with [him] concealed [sic]." *Id*.  Plaintiff claims that Hyde pulled up beside him and threatened him, but Plaintiff does not indicate what occurred after these events. *Id*.

In both the Complaint and his supplemental filings, Docs. [6], [8], Plaintiff asserts that his public defender had a conflict of interest.  He also states in conclusory fashion that the Butler County Jail has several unlawful conditions of confinement, including:  (1) open wires hanging from ceilings; (2) a lack of emergency buttons in many of the cells; (3) mold in some cells; and (4) rusty bunks and tables.  *See* Docs. [6] at 6-7, [8] at 3-4.  Plaintiff does not allege that he sought a change from a corrections officer or that he was denied services by an officer or administrator at the Jail.  He also does not state what relief he seeks.

### STATE COURT BACKGROUND

A review of Missouri Case.net[2] indicates that on January 13, 2023, Plaintiff was charged with two counts of felony assault in the first degree, two counts of felony armed criminal action and three counts of felony unlawful use of a weapon.  *See State v. Brown*, No. 23BT-CR00079-01 (36th Jud. Cir., Butler County Court).

On February 17, 2023, an Information was filed charging Plaintiff with two counts of felony assault in the first degree, two counts of felony armed criminal action and three counts of felony unlawful use of a weapon.  *See State v. Brown*, No. 23BT-CR00079-01 (36th Jud. Cir., Butler County Court).  On February 7, 2024, Plaintiff's counsel moved for a mental exam, and the court granted the motion on February 27, 2024.  A copy of the psychiatric report was filed with the court on August 22, 2024, and Plaintiff's counsel filed a proposed order on September 5, 2024, seeking to have Plaintiff held incompetent to proceed.  A second order for mental examination was entered by the Court on September 13, 2024.  The matter was set for status conference on October 3, 2024, and on that date the conference was rescheduled for January 9, 2025.

---

[2] Plaintiff's underlying state court cases were reviewed on Case.net, Missouri's online case management system.  The Court takes judicial notice of the public state records.  *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005).

## DISCUSSION

Municipal departments like jails, sheriff's offices and police departments are not legal entities that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff's claims against Butler County Sheriff's Department are therefore subject to dismissal. And Plaintiff fails to state a claim for relief against Butler County.

In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be held directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff fails to make any assertions against Butler County in his Complaint. None of his allegations could be construed as *Monell* claims. There are no claims of a constitutional violation by Butler County resulting from any policy, custom, or deliberately indifferent failure to train or supervise. *See Monell*, 436 U.S. at 690–92 (describing a municipal liability claim). Although Plaintiff alleges unlawful conditions of confinement at the Butler County Jail, he fails to indicate how those conditions affected him. He also fails to allege that he sought a change in the conditions from a corrections officer or that he was denied services by an officer or administrator at the Jail. Liability under § 1983 is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Accordingly, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). Plaintiff's failure to identify an individual who denied him a change in the allegedly unconstitutional conditions is fatal to his request for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this order, Plaintiff must pay an initial filing fee of $8.13. Plaintiff is instructed to make his

4

remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

     **IT IS FURTHER ORDERED** that that this case is **DISMISSED** without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).

     **IT IS FINALLY ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3] is **DENIED AS MOOT.**

     A separate Order of Dismissal shall accompany this Memorandum and Order.

     Dated this 31st day of October, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE